HUNTER v. MULLINS.

Opinion delivered May 6, 1918.

1. DAMAGES—PERSONAL INJURY—EXCESSIVE DAMAGES.—Where a passenger was thrown to the floor of a car, and by reason of his injuries was confined to his room for thirty days and suffered great pain and inconvenience for eight months down to the trial, and his physicians testified that there was an injury to the ligaments surrounding the knee-cap, that it was uncertain whether his injuries were permanent, but that there might be complete recovery in five or six months, a verdict of $666 was not excessive.

2. APPEAL AND ERROR—REVIEW—PRESUMPTION AS TO INSTRUCTIONS.—
Rulings of the court on instructions given or refused can not be
reviewed unless the instructions are abstracted, since otherwise
it will be assumed that the issues were correctly submitted to the
jury.

3. CARRIERS—INJURIES TO PASSENGER—QUESTION FOR JURY.—Evidence
*held* to justify submission to the jury of the issues of the carrier's
negligence in suddenly bumping the engine against a string of
cars, throwing a passenger against a seat, and of the passenger's
contributory negligence.

4. EVIDENCE—EXPERT TESTIMONY.—Where a physician testified as to
the nature of the injuries of passenger, his whole testimony could
not be excluded because he could not say whether the injuries were
permanent.

5. APPEAL AND ERROR—FORM OF JUDGMENT—OBJECTION.—In the ab-
sence of a record showing that objection was made to the form
of the judgment, error assigned thereto on appeal will not be con-
sidered.

Appeal from Columbia Circuit Court; *Charles W.
Smith,* Judge; affirmed.

*Stevens & Stevens,* for appellants.

1. It was error to refuse to exclude the physician's
testimony. It was not competent. 106 Ark. 177; 30 L.
R. A. 504; 90 S. W. 1155.

2. The verdict is excessive, as no permanent injury
is proven.

3. Contend that there is error in the instructions,
but they are not abstracted, nor set out in full.

4. The cause of action occurred in Louisiana, and
it was error to declare the judgment a lien. 128 Ark.
222.

McCULLOCH, C. J. This is an action instituted by
the plaintiff, Mullins, to recover damages for injuries
received while a passenger on a railroad train. The ac-
tion is against the receiver of the Louisiana & North-
western Railroad, who was at the time of plaintiff's in-
jury operating the road under the orders of the court
which appointed him. The railroad extends from Mc-
Neil, Arkansas, to Natchitoches, Louisiana. Plaintiff

took passage at Homer, Louisiana, on a mixed train at night *en route* to his home at Magnolia, Arkansas, and his injuries were received at Haynesville, Louisiana, an intervening station. The train was composed of a long string of freight cars and the passenger coach in which plaintiff and the other passengers were riding was attached to the end of the train. When the train reached Haynesville, the engine was detached and went forward about a quarter of a mile to do some switching at a stave factory. After switching around the stave factory about a half-hour, the engine was moved back to the train, and in doing so it was backed against the train with such unusual force that the plaintiff was thrown down and severely injured. At the time the engine came back against the train the plaintiff had arisen from his seat and was walking down the aisle toward the water cooler at the end of the train. He testified that the engine had been away from the train about thirty minutes, and that he did not hear any sound to indicate the return of the engine until it struck the train at the front end of the string of cars with great violence, sufficient to throw him down. He testified that he was thrown against the end of a seat, his knee striking against the frame of the seat.

The evidence tended to show that the plaintiff was confined to his room for thirty days, and suffered great pain and inconvenience up to the time of the trial, about eight months after the injury occurred. The physician who treated plaintiff's injuries testified concerning the same, and stated that there was an injury to the ligaments surrounding the knee cap, but that it was uncertain when there would be a complete cure, or whether the injury would be permanent. The physician declined to give an opinion whether the injury was temporary or permanent, but said that there might be complete recovery in five or six months from the date of the trial, or that there might not be a complete recovery at all. The trial resulted in a verdict in plaintiff's favor, and the

jury assessed the damages in the sum of $666, which was not, under the evidence, excessive.

The instructions given and refused are not abstracted; therefore, the rulings of the court thereon are not properly before us for review. We must assume that the issues were correctly submitted to the jury. The evidence was sufficient to warrant a submission to the jury of the issues concerning negligence of the defendant and contributory negligence of the plaintiff.

It is contended that the court erred in refusing to exclude the whole of the testimony of the physician, who was introduced as a witness, because the witness was unable to state whether or not the injury was permanent. We must assume, in the absence of any showing to the contrary, that the court did not submit to the jury the question of the permanency of plaintiff's injury, but there was testimony sufficient to show that the injury would continue for a time in the future. The testimony of the physician tended to show such an injury, and other important testimony was given by that witness concerning the character and extent of the injury. It would not have been proper to exclude the whole of the testimony of the witness merely because he was unable to give an opinion as to the extent or permanency of the injury.

It is also contended that the court erred in declaring the judgment in plaintiff's favor a lien on the road-bed of the company in this State, the cause of action being one which arose in another State. The record does not show that an objection was made in any form to that feature of the judgment. Therefore, the record does not call for a review of the ruling of the court on that subject.

Judgment affirmed.